| | |
|---|---|
| 1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| 2 |   A Limited Liability Partnership |
| |   Including Professional Corporations |
| 3 | GREGORY F. HURLEY, Cal. Bar No. 126791 |
| 4 | 650 Town Center Drive, 4th Floor |
| | Costa Mesa, California 92626-1993 |
| 5 | Telephone: 714.513.5100 |
| | Facsimile: 714.513.5130 |
| 6 | E mail     ghurley@sheppardmullin.com |

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
HAYLEY S. GRUNVALD, Cal. Bar No. 227909
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone: 858.720.8900
Facsimile: 858.509.3691
Email;     hgrunvald@sheppardmullin.com

Attorneys for Defendants,
HOME DEPOT U.S.A., INC., and
HD DEVELOPMENT OF MARYLAND, INC.

Zachary M. Best, SBN 166035
MISSION LAW FIRM, A.P.C.
332 North Second Street
San Jose, California 95112
Telephone: (408) 298-2000
Facsimile: (408) 298-6046
Email: service@mission.legal

Attorneys for Plaintiff, Francisca Moralez

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCA MORALEZ,<br><br>    Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC. dba THE HOME DEPOT; HD DEVELOPMENT OF MARYLAND, INC.,<br><br>    Defendants. | Case No. 3:17-cv-02918-SI<br>Honorable Susan Illston<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Action Filed:   May 22, 2017<br>Trial Date:     None Set<br>CMC Conf.:    June 15, 2018 |

TO THIS HONORABLE COURT:

## I. Jurisdiction and Service:

    A.    Basis of the Court's Subject Matter Jurisdiction: This Court has jurisdiction of this action for violations of the Americans with Disabilities Act of 1990, 42 USC 12101, et seq. 28 USC §1331. It has pendent jurisdiction over attendant and related causes of action arising from the same facts and brought under California law. 28 USC § 1367.

    B.    Whether any Issues Exist Regarding Personal Jurisdiction or Venue: None.

## II. Description of the Case:

    A.    Plaintiff Francisca Moralez's Position:

This is a civil rights action by Plaintiff for alleged discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as The Home Depot, located at 5631 Lone Tree Way in Brentwood, California (hereinafter referred to as the "the Store"). Plaintiff alleges that she is substantially limited in her ability to walk and must use a wheelchair for mobility. Plaintiff further alleges that she encountered barriers to her access to the Store that interfered with her full and equal use of the property, and Plaintiff seeks removal of those barriers to make the Store accessible to her. Plaintiff has now also learned of additional barriers to her access which were identified at the joint site inspection of the Store, and will amend her complaint to allege those.

    B.    Defendant's Position:

Defendants deny any and all liability. Plaintiff failed to provide any type of pre-suit notice to Defendants, which would have given them an opportunity to address any alleged violations of the Americans with Disabilities Act ("ADA") before suing for damages and attorneys' fees. Defendants wholly dispute Plaintiff's allegations and have not yet formally received a proposal specifying what remediations Plaintiff seeks by way of her complaint. Moreover, Plaintiff demands

SMRH:486594957.1    -1-    Case No. 3:17-cv-02918-SI
JOINT CASE MANAGEMENT CONFERENCE

that this Court order injunctive relief. A clear definition of that injunctive relief is required by Fed. R. Civ. P. 65 and by the Ninth Circuit. Plaintiffs' complaint does not identify that information.

**III. The Principal Factual Issues That The Parties Dispute:**

1. When the Home Depot (Brentwood) opened, did the facility comply with the applicable accessibility standards?
2. What were the nature and extent of the construction and alterations since the facility opened?
3. What is the current state of access at the facilities?
4. What are the nature and extent of Plaintiff's disabilities?
5. Does Plaintiff have standing to seek the facility remediations identified?
6. Did Plaintiff actually visit the facility?
7. Does Plaintiff intend to return to the facility?

**IV. Legal Issues:**

    A. Plaintiff's Legal Issues:

1. Plaintiff filed this action to have barriers to her access to the Store removed under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA"), and related California accessibility statutes, and for the recovery of damages under the California Unruh Civil Rights Act, Cal. Civ. Code § 51 ("Unruh Act"), which incorporates an individual's rights under the ADA. Plaintiff also alleges a violation of the California Health & Safety Code which, in essence, requires Defendants to comply with the accessibility standards set forth in the California Code of Regulations, Title 24, Part 2, Chapter 11B (accessibility standards of the California Building Code, or "CBC"). Plaintiff

has requested that the Court exercise supplemental jurisdiction over her state law claims.

   B.  **Defendants' Legal Issues:**
      1. What, if any, monetary damages and attorneys' fees and costs are owed to Plaintiff for the alleged barriers of access she faced at Defendants' Brentwood facility?
      2. Whether it is permissible for the Court to exercise supplemental jurisdiction over Plaintiff's state law claims if Plaintiff's Federal claims under the ADA are found to be moot.

**V.  Motions (Prior, Current, Anticipated):**

The parties anticipate filing motions for summary judgment and/or summary adjudication after appropriate discovery to establish facts at issue.

Defendant anticipates filing a motion to dismiss based on the doctrine of mootness.

**VI.  Amendment of Pleadings:** On April 11, 2018, Plaintiff filed an amended complaint. On April 16, 2018, Defendant timely answered Plaintiff's amended complaint.

**VII.  Evidence Preservation:** The parties have agreed to preserve all documents and information, however stored, that potentially relate to this case, including but not limited to internal emails and notes.

**VIII.  Disclosures:** Both parties have exchanged initial disclosures as required under General Order 56.

Discovery: Plaintiff has propounded interrogatories, document requests and requests for admission in order to determine the basis for Defendants' affirmative defenses, as well as to narrow the issues in dispute. Once written discovery is received and reviewed, Plaintiff will take the deposition of Defendants regarding relevant subject matters. Plaintiff presently anticipates designating one expert, and

may also designate additional experts if necessary to rebut evidence on the subject matters identified by Defendants' experts.

Defendants have propounded written discovery. Defendants are currently awaiting receipt of Plaintiff's medical records in order to evaluate them and prepare for Plaintiff's deposition. Plaintiff's medical records are critical to Defendants' deposition preparation. Once Plaintiff's deposition is taken, Defendants will also take the deposition of any witnesses who visited the Facility with Plaintiff, and may have an independent medical evaluation done of Plaintiff to determine whether she is in fact disabled and, if so, the extent of her disability. Defendants will also likely retain an expert.

On March 12, 2018, the Court issued a Pretrial Order setting deadlines in the matter.

**IX. Class Actions:** Not Applicable.

**X. Related Cases:** None known at this time.

**XI. Relief:**

A. Plaintiff's Position:

Plaintiff seeks an injunction requiring Defendants to make the Store fully accessible to her. She also seeks minimum statutory damages in the amount of $20,000 for the difficulty, discomfort and embarrassment she suffered during her five documented visits, as well as the recovery of her attorneys' fees, costs, and litigation expenses as permitted by federal and/or California law.

Defendant Position:

Defendants dispute that Plaintiff is entitled to any of the relief she requests by way of her complaint.

**XII. Settlement and ADR:** On March 12, 2018, the Court ordered the parties to participate in a second mediation conference in September of 2018.

**XIII. Consent to Magistrate Judge for All Purposes:** The parties have not consented to proceed before a magistrate judge.

**XIV. Other References:** This case is not suitable for binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**XV. Narrowing of Issues:** The Parties have not completed discovery and, therefore, request that the Court revisit this issue at the Pre-Trial Conference.

**XVI. Expedited Schedule:** The parties do not consent to handling of this case on an expedited schedule.

**XVII. Scheduling:**

On March 12, 2018, the Court issued a scheduling order setting these dates.

**XVIII.	Trial**

On March 12, 2018, the Court issued a scheduling order setting the estimated trial length.

**XIX. Disclosure of Non-party Interested Entities or Persons:** Defendants have filed their Certification of Interested Entities or Persons. Plaintiff is an individual, and is aware of no other entity that has any financial interest in this matter or any other kind of interest that could substantially affect the outcome of the proceeding.

**XX. Other Matters as May Facilitate the Just, Speedy, and Inexpensive Disposition of This Matter:** None.


Dated: June 8, 2018

                    MISSION LAW FIRM, A.P.C.


          By    */s/ Zachary M. Best*
                    ZACHARY M. BEST
                    Attorneys for Plaintiff
                    FRANCISCA MORALEZ

1  Dated: June 8, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      */s/ Hayley S. Grunvald*
HAYLEY S. GRUNVALD
Attorneys for Defendants HOME DEPOT
U.S.A., INC., and HD DEVELOPMENT OF
MARYLAND, INC.