UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCA MORALEZ,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., et al.,<br><br>Defendants. | Case No. 17-cv-02918-SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMERY JUDGMENT** |

Plaintiff Francisca Moralez's motion for summary judgment is scheduled for a hearing on February 15, 2019. Pursuant to Civil Local Rule 7-1(b), the Court determines this matter is suitable for resolution without oral argument and VACATES the hearing. Having considered the arguments made, the papers submitted, and for good cause shown, the Court DENIES plaintiff's motion for summary judgment.

**BACKGROUND**

Plaintiff Francisca Moralez moves for summary judgment under the Americans with Disabilities Act ("ADA," 42 U.S.C. § 1201, *et seq.*) and the California Unruh Civil Rights Act ("Unruh Act," Cal. Civ. Code § 51, *et seq.*). In her First Amended Complaint plaintiff alleges various barriers prevented her full and equal access to defendant Home Depot U.S.A., Inc.'s ("Home Depo") Brentwood location, the public accommodation. Dkt. 32.

Plaintiff argues the record shows: (1) she is disabled; (2) defendant's property is a retail store and thus a place of public accommodation; (3) she visited defendant's property on five occasions; and (4) while at the property she encountered various accessibility barriers in violation of the ADA and Unruh Act. Further, plaintiff seeks injunctive relief under federal disability access laws

1 requiring defendant to remove barriers to her full and equal access, a declaration that defendant
2 violated the ADA for purposes of recovering damages, and minimum statutory damages in the
3 amount of $20,000 under California Civil Code § 52(a) for violation of the Unruh Act.

4 Defendant opposes summary judgment arguing: (1) plaintiff has failed to establish that she
5 is disabled for purposes of the ADA; (2) the Court should not consider plaintiff's expert declaration;
6 (3) many of plaintiff's claims are moot; (4) and those claims that are not moot fail because plaintiff
7 has not established the construction/alteration history of the alleged barriers or that it is readily
8 achievable to remedy them.

## LEGAL STANDARD

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting then Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences

2

from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment . . . ." *Id.* However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. Fed. R. Civ. P. 56(c)).

## DISCUSSION

### I. ADMISSIBILITY OF DECLARATIONS

#### A. Plaintiff's Expert Declaration is Admissible

Defendant takes issue with plaintiff's expert declaration and urges the Court to disregard it.[1] Plaintiff's expert, Mr. Bluhm, is a certified access specialist and his testimony goes to the measurements and assessments he made during the site inspection that defendant's counsel witnessed. Mr. Bluhm need not, and should not, include legal conclusions in his declaration. His declaration is relevant and proper and as such will not be stricken.

#### B. Cesar Fonesca's Declaration is Admissible

Plaintiff objects to Home Depo Store Manager Cesar Fonesca's declaration on the basis that while defendant disclosed that "managers" had discoverable information in defendant's initial disclosures, defendant failed to specifically name Mr. Fonesca as a potential witness.[2] Reply Brief at 1. Plaintiff was not sandbagged. Plaintiff was put on notice that Home Depo managers possessed relevant information as early as September 2017 when the parties exchanged initial disclosures. The

---

[1] Defendant filed lengthy objections to evidence. Dkt. 57. Plaintiff subsequently filed an ex parte application to strike defendant's objections to evidence which defendant opposed. Dkt. 58 and 59. For purposes of this motion, the objections to evidence are overruled. The Court notes, however, that if/when this matter goes to trial, both sides will be required to present evidence, not conjecture, and will be required to lay proper foundations for any evidence presented.

[2] Plaintiff filed a motion for administrative leave to file a sur-reply which defendant opposed. Dkt. 63 and 65. Plaintiff argues the sur-reply submission undermines the Fonesca declaration. Dkt. 63. The Court grants plaintiff's motion to file a sur-reply and, having considered the sur-reply, finds that it does not render the Fonesca declaration inadmissible, nor does it change the outcome of the summary judgment motion.

3

information contained in Mr. Fonesca's declaration presumably could have been obtained by any Home Depot manager. He does not testify to any specific encounter with plaintiff or indeed any facts uniquely available to him versus another Brentwood Home Depo manager. Mr. Fonesca's declaration is relevant, proper, and does not prejudice plaintiff, and as such it will not be stricken.

## II. MATERIAL ISSUES OF FACT

The record reflects various material issues of fact with respect to the alleged ADA and Unruh violations. These include, but are not limited to:

- The Women's Restroom:
  - Mr. Fonesca declared that he "personally witnessed a door pressure gauge read the door pressure on the women's restroom and it was under five pounds of force to open." Fonesca Decl. ¶6. This contradicts plaintiff's claim that the door pressure on the women's restroom is more than five pounds of pressure. Dkt. 54 at 8; Moralez Decl. ¶12.
  - Mr. Fonesca declared that the women's restroom does not have a baby changing table and "therefore did not obstruct the route of travel to the wheelchair accessible toilet…" Fonesca Decl. ¶ 31. This contradicts plaintiff's claim that a baby changing table in the women's restroom obstructs the route of travel to the wheel chair accessible toilet stall in the women's restroom. Dkt. 54 at 18; Bluhm Decl. ¶31.
- Unisex Bathroom: Mr. Fonesca declared that the "pipes under the sinks in the unisex restroom were properly insulated and configured in a way that they would protect a customer from coming into contact with the pipes." This contradicts plaintiff's claim that the water supply pipes in the unisex restroom were not properly insulated or otherwise configured to protect against contact. Mtn p. 19; Bluhm Decl. ¶ 34.
- Garden Department Area: Mr. Fonesca declared that "the exterior garden department was smooth, not broken, and had no excessive changes in level." Fonesca Decl. ¶ 16. This contradicts plaintiff's claim that the exterior garden department area contained

4

portions which were broken, creating excessive changes in level. Mtn p. 14; Bluhm Decl. ¶ 16.

- Threshold of Door in the Tool Rental Area: Mr. Fonesca declared that the "door to the tool rental area was not damaged, was beveled and had no excessive changes in level." This contradicts plaintiff's claim that the threshold at the door to the tool rental area was damaged, creating excessive changes in level. Dkt. 54 at 15; Bluhm Decl. ¶ 18.

Summary judgment may be granted only when there is no genuine dispute as to any material fact. That is not the case here, and accordingly the motion for summary judgment is denied.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's motion for summary judgment.

**IT IS SO ORDERED.**

Dated: February 12, 2019

SUSAN ILLSTON
United States District Judge